UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

RUBEN CHAIN,

     Plaintiff,

         v.                   CIV. NO. 15-1012(PG)

PUERTO RICO FEDERAL AFFAIRS
ADMINISTRATION (PRFAA), ET AL.,

     Defendants.

## OPINION AND ORDER

     Pending before the court is defendants Puerto Rico Federal Affairs Administration ("PRFAA") and Juan Eugenio Hernandez-Mayoral's motion to dismiss (Docket No. 10). For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** the defendants' motion.

### I. BACKGROUND

     On January 8, 2015, plaintiff Ruben Chain (hereinafter referred to as "Plaintiff" or "Chain"), a resident of Maryland, filed the above-captioned claim against defendants PRFAA and Juan Eugenio Hernandez-Mayoral (Hernandez-Mayoral) in his official and individual capacity. See Docket No. 1. Chain alleges that Hernandez-Mayoral, the newly-appointed Executive Director of PRFAA, discharged him from his position as Driver to the Executive Director at the PRFAA offices in Washington D.C., where the Plaintiff had been working since 1989. According to Chain, he was dismissed from his employment on January 11, 2013 in alleged retaliation for testifying against former Governor Anibal Acevedo Vilá ("Acevedo") in March of 2009 during federal criminal proceedings against Acevedo. Like co-defendant Hernandez-Mayoral, former Governor Acevedo was affiliated with the Popular Democratic Party (PPD). Notwithstanding, the Plaintiff alleges he is not affiliated with any political party in Puerto Rico, and has never voted in any election in Puerto Rico.

     The Plaintiff now brings claims pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive damages and injunctive relief for alleged violations of his constitutional rights to free speech and due process under the First, Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. See Docket No. 1. The Plaintiff additionally invokes the court's supplemental jurisdiction over the state-law claims brought pursuant to Puerto Rico Law

No. 115 of December 20, 1991, P.R. LAWS ANN. tit. 29, § 194a; Puerto Rico Whistleblowers Protection Act ("Law 426"), P.R. LAWS ANN. tit. 1, § 601; and, Articles 1802 and 1803 of the Civil Code of Puerto Rico ("Articles 1802 and 1803"), P.R. LAWS ANN. tit. 31, §§ 5141 and 5142. See Docket No. 1. Finally, Plaintiff sets forth in his complaint that he tolled the statute of limitations by letter one year prior to filing the above-captioned claim.

The defendants now move to dismiss the claims on account that his claims are time barred. See Docket No. 10. Defendants also raise the defense of sovereign immunity and request the dismissal of the supplemental state law claims on different grounds. See id. The Plaintiff opposed the dismissal of his claims. See Docket No. 14.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Garcia-Catalan v. U.S., 734 F.3d 100, 102 (1st Cir.2013) (quoting FED.R.CIV.P. 8(a)(2)). When ruling on a motion to dismiss for failure to state a claim, a district court must "ask whether the complaint states a claim to relief that is plausible on its face, accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor." Cooper v. Charter Communications Entertainments I, LLC, 760 F.3d 103, 106 (1st Cir.2014) (citing Maloy v. Ballori-Lage, 744 F.3d 250, 252 (1st Cir.2014)) (internal quotation marks omitted). Additionally, courts "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." A.G. ex rel. Maddox v. v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir.2013) (citing Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir.2011)).

"To cross the plausibility threshold, the plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cooper, 760 F.3d at 106 (citing Maloy, 744 F.3d at 252). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact) … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

"In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir.2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 556 U.S. at 678). "A complaint 'must contain more than a rote recital of the elements of a cause of action,' but need not include 'detailed factual allegations.'" Rodriguez-Vives v. Puerto Rico Firefighters Corps, 743 F.3d 278, 283 (1st Cir.2014) (citing Rodríguez–Reyes v. Molina–Rodríguez, 711 F.3d 49, 53 (1st Cir.2013)). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernandez, 640 F.3d at 12 (citing Iqbal, 556 U.S. at 681).

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 664-664. Nevertheless, when evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if … a recovery is very remote and unlikely." Ocasio-Hernandez, 640 F.3d at 12-13 (citing Twombly, 550 U.S. at 556). As a result, courts should read the complaint "as a whole" and be cautious not to apply the plausibility standard "too mechanically." See Rodriguez-Vives, 743 F.3d at 283 (citing Garcia-Catalan, 734 F.3d at 101, 103).

### III. DISCUSSION

**A. Statute of Limitations**

In their motion to dismiss, the defendants first argue that Chain's claims are time barred insofar as the extrajudicial claim he sent the defendants was delivered to them outside of the applicable one-year statute

of limitations.[1] According to the defendants, Chain's claim began to accrue on January 11, 2013, the date he was informed of his termination, but his letter or extrajudicial claim was delivered on January 13, 2014, outside of the one-year period. Therefore, the statute of limitations was not timely tolled, according to the defendants. See Docket No. 10 at page 8.

"Because section 1983 does not have its own statute of limitations (i.e., a provision intended to protect defendants from having to defend against stale claims), courts use the personal-injury limitations period adopted by the state where the injury supposedly occurred - in Puerto Rico, one year." Martinez-Rivera v. Commonwealth of Puerto Rico, 812 F.3d 69, 74 (1st Cir. 2016) (holding public employee's § 1983 claim accrued, and one-year statute of limitations under Puerto Rico law began to run, on date employee learned of her termination and the reason for it, despite employer's letter making the ouster effective on a later date). "But just as we borrow the state's limitations period in section-1983 cases, so too we borrow the state's tolling rulings … ." Id. at 74-75. "Puerto Rico's tolling rules provide three ways that a plaintiff can interrupt the statute of limitations, which, as relevant here, include the sending of an 'extrajudicial' letter." Santana-Castro v. Toledo-Davila, 579 F.3d 109, 114 (1st Cir. 2009) (citing P.R. LAWS ANN. tit. 31, § 5303). "The prescriptive term is interrupted on the date on which the defendant receives the extrajudicial claim." Tokyo Marine & Fire Ins. Co. v. Perez & Cia., De Puerto Rico, Inc., 142 F.3d 1, 4 (1st Cir. 1998) (citing Diaz De Diana v. A.J.A.S. Ins. Co., 110 P.R. Dec. 471, 477 (1980)).

Here, the limitations countdown began on January 11, 2013 - the day Chain learned authoritatively of his termination - but the defendants claim they received his extrajudicial letter 2 days after its expiration. However, in his response, Chain sets forth that in addition to sending the extrajudicial claim

_____

[1]In support of their motion, the defendants attach several exhibits in support of this argument, such as a copy of the letter the Plaintiff sent, a copy of the stamped envelope and a copy of the United States Postal Services tracking record. See Docket No. 10-1, 10-2, 10-2. In his response, the Plaintiff also attaches as an exhibit a copy of a courier delivery confirmation. See Docket No. 14-1. Under the Rule 12(b)(6) standard, the court may only consider facts and documents that are part of or incorporated into the complaint; if documents outside of the pleadings are considered, the motion should be adjudicated under the more stringent standards of a Rule 56 motion for summary judgment. See Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009). The First Circuit has carved out several exceptions to this rule for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs claim; or for documents sufficiently referred to in the complaint. See id. Because here the parties have not raised any controversy regarding the authenticity of the exhibits attached to the moving papers, and the extrajudicial claim is part of the content of the complaint, the court may still consider said motion under the standards of Fed.R.Civ.P. 12(b)(6). Thus, it is not necessary to convert defendants' motion to dismiss into a motion for summary judgment.

via mail, he sent it by messenger. <u>See</u> Docket No. 14 at page 2. To that
effect, he attaches confirmation of the hand delivery of the letter on January
10, 2014, which the defendants did not refute in reply. <u>See</u> Docket No. 14-1.
Drawing all reasonable inferences in the Plaintiff's favor, and in light of
the facts alleged at this stage, the court must conclude that the Plaintiff
effectively interrupted the statute of limitations one day shy of its
expiration.

"[W]hen the prescriptive period is successfully interrupted, the full
period begins to run again." <u>Tokyo Marine</u>, 142 F.3d at 4 (citations omitted).
The Plaintiff filed the above-captioned claim on January 8, 2015, that is, 3
days before the term that had begun to run anew expired. Accordingly, the
court finds that the Plaintiff's claim is not time barred, and the defendants'
motion is **DENIED** on those grounds.

## B. Sovereign Immunity

The defendants argue that the plaintiffs' claims against defendants are
barred by the Eleventh Amendment, and thus, Chain cannot maintain claims for
monetary damages against the PRFAA and the individual defendants in their
official capacities. <u>See</u> Docket No. 10 at pages 9-13.

The Eleventh Amendment proscribes that "[t]he Judicial power of the
United States shall not be construed to extend to any suit in law or equity,
commenced or prosecuted against one of the United States by Citizens of
another State, or by Citizens or Subjects of any Foreign State." U.S. Const.
amend. XI. Nevertheless, Eleventh Amendment immunity is subject to two
limitations: (1) a state may waive its immunity and consent to be sued in
federal court, <u>see</u>, *e.g.*, <u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234,
238, (1985); and (2) Congress may abrogate the states' sovereign immunity by
passing legislation in exercise of its power to enforce the rights guaranteed
by the Fourteenth Amendment, <u>see</u>, *e.g.*, <u>Seminole Tribe v. Florida</u>, 517 U.S.
44, 55 (1996). The Eleventh Amendment thus bars federal courts from
entertaining actions against non-consenting states, including the Commonwealth
of Puerto Rico. <u>See</u> <u>Seminole Tribe v. Florida</u>, 517 U.S. 44 (1996); <u>Ezratty v.
Commonwealth of P.R.</u>, 648 F.2d 770, 776 n. 7 (1st Cir.1981). Immunity extends
to state agencies and their officials when the agency or institution is
characterized as an arm or alter ego of the state or when it should be treated
instead as a political subdivision of the state. <u>See</u> <u>Mt. Healthy City School
Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 280 (1977). According to
defendants, the PRFAA is an arm of the state, which the Plaintiff does not

dispute,[2] see Docket No. 14 at page 3. However, the Eleventh Amendment does not preclude "official capacity" suits against state officers for injunctive or declaratory relief brought pursuant to federal law. See Ex parte Young, 209 U.S. 123, 159-60 (1908). State officials sued for injunctive relief in their official capacity are "persons" subject to liability under Section 1983. See Hafer v. Melo, 502 U.S. 21, 24 (1991) (citing Will, 491 U.S. at 71 n. 10.). In his response, the Plaintiff consents to the fact that he can only seek injunctive and declaratory relief from both PRFAA and Hernandez-Mayoral in his official capacity. The Plaintiff agrees he cannot maintain claims for monetary damages against the PRFAA or the individual defendant in his official capacity. See Docket No. 14 at page 4. Accordingly, the court thus **GRANTS** the defendants' request for dismissal of the claims for monetary damages against PRFAA and Hernandez-Mayoral *in his official capacity.*

## C. Due Process Claims

### 1. Fifth Amendment

In his complaint, the Plaintiff makes a perfunctory reference to claims under the Fifth Amendment to the United States Constitution. See Docket No. 1 at ¶ 2. This court must also dismiss Chain's claim under the Fifth Amendment. It is well-settled that the Fifth Amendment "applies to actions of the federal government, not those of private individuals." See Gerena v. Puerto Rico Legal Services, Inc., 697 F.2d 447, 449 (1st Cir.1983) (citing Public Utilities Commission v. Pollak, 343 U.S. 451, 461 (1952)). Here, the complaint is brought against state and not federal actors. Accordingly, the court hereby dismisses any claim brought under the Fifth Amendment. See also Martinez-Rivera v. Sanchez-Ramos, 498 F.3d 3, 8-9 (1st Cir.2007) (affirming a *sua sponte* dismissal of plaintiffs' claims under the Fifth Amendment because the defendant police officers where state actors and not federal actors).

### 2. Substantive Due Process

The Plaintiff also brings claims of violations to his substantive due process rights under the Fourteenth Amendment in Count II of the Complaint. See Docket No. 1, ¶¶ 33-35. The Fourteenth Amendment due process guarantee has both procedural and substantive aspects. Amsden v. Moran, 904 F.2d 748, 753

---

[2]Although the Plaintiff notes that the defendants cite no precedent in support of this contention, the undersigned finds that this court has previously held that the PRFAA is an arm of the state for sovereign immunity purposes. See Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 411 (1st Cir. 2000) ("On June 2, 1997, the district court dismissed the claims against the [Puerto Rico Federal Affairs Administration] on Eleventh Amendment grounds, finding that the FAA was 'an arm of the government' of Puerto Rico."); see Civil Case No. 96-2541 (JAF), Docket No. 7.

(1st Cir.1990). A "claim is cognizable as a violation of substantive due process only when it is so extreme and egregious as to shock the contemporary conscience." <u>McConkie v. Nichols</u>, 446 F.3d 258, 260 (1st Cir.2006); <u>see also</u> <u>Albright v. Oliver</u>, 510 U.S. 266, 272 (1994)) ("Substantive due process claims generally have something to do with 'matters relating to marriage, family, procreation, and the right to bodily integrity' rather than property or employment issues."); <u>Bibiloni Del Valle v. Puerto Rico</u>, 661 F.Supp.2d 155, 185 (D.P.R.2009) ("The very nature of this constitutional protection has caused that substantive due process protection be used sparingly.").

Notwithstanding, "[t]he First Circuit Court of Appeals has held that substantive due process 'is an inappropriate avenue of relief' when the conduct at issue is covered by the First Amendment." <u>Quiles-Santiago v.</u> <u>Rodriguez-Diaz</u>, 851 F.Supp.2d 411, 427 (2012) (<u>quoting</u> <u>Pagan v. Calderon</u>, 448 F.3d 16, 33 (1st Cir.2006)). "It is the First Amendment, not the Fourteenth Amendment, that guards individuals against state-sponsored acts of political discrimination or retaliation … . Thus, when allegations of political discrimination and retaliation are covered by the First Amendment, those allegations cannot serve as a basis for a substantive due process claim." <u>Quiles-Santiago</u>, 851 F.Supp.2d at 427 (internal quotation marks and citations omitted). As a result, "where the plaintiffs have stated a viable First Amendment claim for the very same conduct, [the First Circuit] [has] declined to 'enter the uncharted thicket of substantive due process to find an avenue for relief.'" <u>Ramírez v. Arlequín</u>, 447 F.3d 19, 25 (1st Cir.2006).

Pursuant to the foregoing, Chain's substantive due process claims in Count II of the complaint are hereby **DISMISSED WITH PREJUDICE.**

**D. Supplemental State Law Claims**

**1. State Claims against PRFAA**

The defendants seek the dismissal of the supplemental state law claims against PRFAA on grounds of sovereign immunity. <u>See</u> Docket No. 10 at pages 9-13. The Plaintiff does not refute this argument in his opposition.

"A federal court that exercises federal question jurisdiction over a single claim may also assert supplemental jurisdiction over all state-law claims that arise from the same nucleus of operative facts." <u>Ortiz-Bonilla v.</u> <u>Federacion de Ajedrez de Puerto Rico, Inc.</u>, 734 F.3d 28, 35 (1st Cir. 2013) (citations omitted). "But 'supplemental jurisdiction under § 1367 does not override the Eleventh Amendment's bar on suing a state in federal court.'" <u>Pagan v. Puerto Rico</u>, 991 F. Supp. 2d 343, 346 (D.P.R. 2014) (<u>citing</u> <u>Pettigrew</u>

v. Oklahoma ex rel. Oklahoma Dep't of Pub. Safety, 722 F.3d 1209, 1213 (10th Cir.2013); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). That is, "Congress has not abrogated the Eleventh Amendment for state-law claims." Pagan, 991 F. Supp. 2d at 346. And although Puerto Rico has waived its sovereign immunity in its own courts, see Lugo-Matos v. Commonwealth of Puerto Rico Police Dep't, No. CV 14-1839 (JAG), 2016 WL 742912, at *6 (D.P.R. Feb. 24, 2016) (citing Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006)), "the Commonwealth's 'waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts.'" Diaz-Fonseca, 451 F.3d at 33 (citing Pennhurst, 465 U.S. at 99 n. 9).

None of the statutes under which Plaintiff brings his supplemental state law claims, namely, Law No. 115, Law No. 426 or Article 1802, state an unequivocal waiver to bring claims against the government of Puerto Rico in federal court. See Lugo-Matos, 2016 WL 742912, at *6. As such, all of the state law claims brought against PRFAA and Hernandez-Mayoral *in his official capacity* are **DISMISSED WITHOUT PREJUDICE.**

### 2. Law 115

In their motion to dismiss, the defendants seek the dismissal of the retaliation claims under the local statute against individual defendant Hernandez-Mayoral. The defendants argue that he was not the Plaintiff's employer as defined by the statute and Law No. 115 does not allow for individual liability. See Docket NO. 10 at page 15. The Plaintiff opposes the request claiming that the issue of individual liability under Law No. 115 is unresolved and the request should be thus denied. See Docket No. 14 at page 5.

Law No. 115 "protects employees that collaborate in investigations or offer testimony before an administrative, judicial or legislative forum, from adverse actions by their employers." Salgado-Candelario v. Ericsson Caribbean, Inc., 614 F.Supp.2d 151, 177 (D.P.R. 2008)(citing P.R. LAWS ANN., tit. 29, § 194a). "Puerto Rico's Supreme Court has not considered the question of whether there is individual liability under Law 115." Lugo-Matos, 2016 WL 742912, at *7. Nevertheless, relying on findings by the Puerto Rico Court of Appeals, this court has previously determined that no individual liability exists under Law No. 115. See id.; Hernandez-Mendez v. Rivera, No. CIV. 15-1147 GAG, 2015 WL 5770087, at *13 (D.P.R. Sept. 30, 2015); Otero-Merced v. Preferred Health Inc., 680 F.Supp.2d 388, 393 (D.P.R. 2010) (citing Vargas

Santiago v. Lilliam Alvarez Moore, No. DPE-2004-0541, 2006 WL 3694659, at *5 (P.R. Cir. Nov. 29, 2006). See also Caballer Rivera v. Nidea Corp., No. B3CI201400380, 2015 WL 5116779, at *4 (P.R. Cir. July 23, 2015). Sanchez Barreto v. Swiss Just De Puerto Rico, Inc., No. IPE2002-0263205, 2003 WL 23336311, at *4 (P.R. Cir. Nov. 6, 2003));

"As interpreted by the Puerto Rico Court of Appeals, this means that any action commenced under the provisions of Law No. 115 shall be filed only against the employer." Hernandez-Mendez, 2015 WL 5770087, at *13 (citing Vargas Santiago, 2006 WL 3694659 at *5). Insofar as this district court has consistently taken the position that there is no individual liability under Law 115, the claims against Hernandez-Mayoral in his personal capacity under Law 115 are **DISMISSED WITH PREJUDICE.**

### 3. Article 1802

The defendants also request the dismissal of the general tort claims under Article 1802 of the Puerto Rico Civil Code. They argue that, pursuant to the applicable caselaw, the Plaintiff can only recover for the conduct covered by the specific labor laws invoked in the complaint because he alleges no independent conduct unrelated to the employment context that would give rise to an independent tort claim. See Docket No. 10 at pages 15-16. In his opposition, the Plaintiff is mum on this particular issue.

Article 1802 is Puerto Rico's general tort statute. P.R. LAWS ANN. tit. 31, § 5141. This court has previsouly recognized that in Santini Rivera v. Serv. Air, Inc., 137 P.R. Dec. 1, 1994 P.R.-Eng. 909,527 (1994), the Supreme Court of Puerto Rico addressed the interplay between causes of action under special employment statutes and Article 1802. Following the rationales et forth therein, this court has held that "claimants are barred from bringing an Article 1802 action to the extent that specific labor laws cover the same conduct alleged in the tort claim." Lugo-Matos, 2016 WL 742912, at *6 (citing Rosario v. Valdes, No. CIV. 07-1508CCC, 2008 WL 509204, at *2 (D.P.R. Feb. 21, 2008) ("[T]o the extent that a specific labor law covers the conduct for which a plaintiff seeks damages, he is barred from using that same conduct to also bring a claim under Article 1802. An additional claim under Article 1802 may only be brought by the employee-plaintiff if it is based on tortious or negligent conduct distinct from that covered by the specific labor law(s) invoked.")). See also Medina v. Adecco, 561 F. Supp. 2d 162, 175 (D.P.R. 2008) ("Medina based her Article 1802 claim on the same conduct that supports her employment law claims; she alleged not independently tortious conduct.

Accordingly, the court must dismiss Medina's Article 1802 claim.");
<u>Falcon-Cuevas v. Puerto Rico Ports Auth.</u>, No. CIV. 12-1892 MEL, 2014 WL 4260678, at *16 (D.P.R. Aug. 29, 2014) ("A review of the complaint does not reveal allegations of any tortious conduct distinct from that which is related to plaintiff's discrimination claims. Therefore, the Article 1802 and 1803 claims against defendants are dismissed with prejudice.").

A review of Chain's complaint does not reveal allegations of any tortious conduct unrelated to his employment retaliation claims. Therefore, the Article 1802 and 1803 claims against defendants are **DISMISSED WITH PREJUDICE.**

### IV. CONCLUSION

For the reasons stated above, this court hereby **GRANTS IN PART AND DENIES IN PART** the defendants' motion to dismiss (Docket No. 10). The Plaintiff's claims for monetary damages under Section 1983 against PRFAA and Hernandez-Mayoral *in his official capacity* are hereby **DISMISSED WITH PREJUDICE;** Chain's Fifth Amendment claims and substantive due process claims are **DISMISSED WITH PREJUDICE;** Chain's supplemental state law tort claims under Article 1802 are **DISMISSED WITH PREJUDICE;** the claims of retaliation under Law No. 115 against Hernandez-Mayoral are **DISMISSED WITH PREJUDICE;** all remaining supplemental state law claims against defendants are **DISMISSED WITHOUT PREJUDICE.** The court shall continue presiding over Plaintiff's Section 1983 claims against Hernandez-Mayoral *in his personal capacity* and for injunctive relief against PRFAA.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, March 31, 2016.

<u>S/ JUAN M. PEREZ-GIMENEZ</u>
JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE